COMMONWEALTH *vs.* MICHAEL E. FORFIA. February 4, 1977. We pass
the absence of any exception to the isolated remark made by the judge
during the course of his charge which is still complained of ("There
is no doubt that there was a transfer of ownership of those drugs from
somebody to somebody else") to say that we see no prejudice resulting
to the defendant. As the judge pointed out to the jury, the defendant
had been indicted for the unlawful distribution (as opposed to the
sale) of a controlled substance, and it is perfectly clear from (a) the
defendant's cross-examination, recross-examination and further recross-
examination of the undercover agent and (b) the defendant's closing
argument to the jury that the only disputed question of material fact
was the one of whether it had been the defendant or Benny who had
handed the dilaudid pills to the agent following Benny's return from
the house where he had purchased the pills. We note the absence of
any objection to the judge's further instructions to the jury that it
was for them to determine how the agent had obtained the pills which
had been introduced in evidence and that "that rests upon his story
and the credibility that you give to his story."

*Judgment affirmed.*

*Dennis J. LaCroix* for the defendant.
*W. James O'Neill,* Assistant District Attorney, for the Common-
wealth.